Exh F

# INDEMNIFICATION AGREEMENT

This Indemnification Agreement (the "Agreement") is made and entered into this ____ day of October, 2005 (the "Effective Date") by and between Frederick Knaak, an individual residing in the state of Minnesota corporation ("Knaak") and Ancona Escrow, Inc., a corporation organized under the laws of the state of Minnesota ("Ancona").

## WITNESSETH:

WHEREAS, in July of 2005 Knaak and Ancona entered into that certain Memorandum of Understanding and Contract for Sale of Shares and Assets and Indemnification Agreement (the "Purchase Agreement"), pursuant to which Ancona purchased from Knaak 100 percent of the then issued and outstanding shares of Ancona Title Services, Corp. ("Ancona Title") common stock;

WHEREAS, in connection with and pursuant to the terms and conditions set forth in the Purchase Agreement, Ancona issued to Knaak a promissory note (the "Note") with a face amount of $90,000 and requiring monthly principal payments of $15,000 each, commencing on August 25, 2005;

WHEREAS, Commonwealth Land Title Insurance Company and/or various operating subsidiaries or other affiliates of the same (collectively "Lawyers Title") has asserted a claim against Ancona Title in connection with the matter of United States of America v. 392 Lexington Parkway South, et al (US DC Case No: 03-5818) (the "Lawyers' Title Claim");

WHEREAS, Ancona has suspended payments under the Note, alleging that any loss, expense, liability or other damage arising out of the Lawyer's Title Claim that may be incurred by, or otherwise imposed upon, Ancona Title is recoverable from Knaak under various legal theories, including without limitation the securities laws of the state of Minnesota and the federal laws of the United States;

WHEREAS, Knaak wishes to acknowledge financial responsibility for the Lawyers Title Claim and Ancona is willing to continue payments under the Note in exchange for Knaak's assumption of indemnification obligations as set forth hereinafter.

NOW, THEREFORE, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## AGREEMENT:

(1) <u>Note Payment</u>. Ancona agrees to tender to Knaak, simultaneous with the parties' execution and delivery of this Agreement, the Note payment due on October 1, 2005, and to make all subsequent payments required by the Note, assuming Knaak's ongoing compliance with the terms of this Agreement.

-1-

1831665v1

SCANNED
FEB 0 6 2006
U.S. DISTRICT COURT MPLS

(2) <u>Indemnification</u>. Knaak agrees to indemnify and hold Ancona and each of Ancona Title's, employees, shareholders, officers, directors, agents and other representatives (collectively, the "<u>Ancona Title Group Members</u>") from and against any and all Losses (as defined herein) and Expenses (as defined herein), of any kind or nature, incurred by such Ancona Title Group Members in connection with, or arising from, the Lawyers Title Claim or any matter related in any way thereto. For purposes of this Agreement: "<u>Losses</u>" shall mean any and all losses, costs, obligations, liabilities, settlement payments, awards, judgments, fines, penalties, damages, deficiencies, or other charges but shall not under any circumstances include any special, exemplary or other punitive damages (including loss of profit or revenue); and "<u>Expenses</u>" shall mean any and all reasonable expenses incurred in connection with investigating, defending or asserting any claim, action, suit or proceeding incident to any matter indemnified under this Agreement (including arbitration fees or costs, witness fees, and reasonable fees and disbursements of legal counsel).

(3) <u>Assignment; Binding Effect</u>. This Agreement shall inure to the benefit of, and be enforceable by, the parties hereto and their respective successors and permitted assigns.

(4) <u>Interpretation</u>. Each provision of this Agreement shall be interpreted and construed pursuant to the laws of the state of Minnesota, without regard to conflict of law provisions contained therein. Any action between the parties concerning or involving this Agreement shall be instituted only in the District Court for Hennepin County or in the U.S. District Court for the District of Minnesota. Each party hereto consents, and shall promptly and voluntarily submit, to the jurisdiction of such courts.

(5) <u>Severability</u>. If any of the provisions of this Agreement shall contravene or be invalid under the laws of any jurisdiction where applicable, such contravention or invalidity shall not invalidate all of the provisions of this Agreement, but rather the Agreement shall be construed, insofar as the laws of that particular jurisdiction are concerned, as not containing the invalid or contravening provision, and the rights and obligations of the parties shall be enforced to the fullest extent possible.

(6) <u>Costs of Enforcement</u>. In the event it is necessary for the enforcement of this Agreement to employ legal counsel, the prevailing party shall be entitled to out-of-pocket expenses as well as reasonable attorneys' fees.

(7) <u>Integration</u>. This Agreement constitutes the entire agreement and understanding and all of the representations and warranties of the parties to this Agreement. This Agreement supersedes any and all prior agreements, negotiations, correspondence, undertakings, promises, covenants, arrangements, communications, representations and warranties, whether oral or written (collectively, the "<u>Prior Communications</u>"), of any party to this Agreement, and no party to this Agreement or any other person may rely or shall be deemed to have relied upon any such Prior Communications.

(8) <u>Waiver</u>. This Agreement cannot be changed or terminated or any performance or condition waived in whole or in part except by a writing signed by the party against whom enforcement of the changes, termination or waiver is sought. The waiver by either party of any

-2-

1821665v1

breach or violation of any term or condition of this Agreement shall not be deemed to constitute the waiver of any other breach of the same or any other term and condition.

(9) <u>Execution of Counterparts; Telecopy</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. The counterparts of this Agreement may be executed and delivered by telecopy signature by either party to the other party, and the receiving party may rely on the receipt of such document so executed and delivered by telecopy as if the original had been received.

(10) <u>Amendment and Modification</u>. The Agreement may not be amended, modified or supplemented except by an instrument in writing duly executed by the parties to the Agreement.

[SIGNATURE PAGE FOLLOWS]

1821665v1

IN WITNESS WHEREOF, the parties hereunto have duly executed this Agreement as of the Effective Date.

ANCONA ESCROW, INC.

*(signature)*
Frederick Knaak
Frederic W.

By: *(signature)*
Its: PRESIDENT

1821665v1

-4-

Exh 6

# KNAAK & KANTRUD, P.A.
### Attorneys at Law

Frederic W. Knaak*
H. Alan Kantrud**

*Also Licensed in
Wisconsin & Colorado
**Rule 114 Qualified ADR Civil Neutral

3500 Willow Lake Blvd., Suite 800
Vadnais Heights, MN 55110
Telephone: (651) 490-9078
Facsimile: (651) 490-1580

*Of Counsel*
Donald W. Kohler
Joseph B. Marshall
Thomas M. Dailey, P.A.

October 4, 2005

St. Paul Fire and Marine Insurance Company
Financial and Professional Services
Claim Department
385 Washington St.
St. Paul, MN. 55102-1398

RE: Ancona Title Services Corp.
Policy GL00642835

To Whom It May Concern:

I am writing to inform you of a possible claim against your insured, Ancona Title Services, Corporation. Enclosed you will find copies of all of the contents of the Agency's file on the matter in question.

While we do not believe that there was any negligence, error or omission on the part of Ancona Title, we have been advised of ongoing litigation by Lawyers Title, one of the agency's former underwriters, on this file.

Originally, we were notified in late 2004 of a possible claim on a file in which the Federal government was seeking sale proceeds. Our principal closer, Christopher Brown, was deposed as to his actions concerning the file, which were entirely appropriate, and we were led to understand that the matter was being resolved. Other than arranging for Chris Brown's deposition, we received no copies of correspondence or pleadings related to the matter and sent copies of the file to the underwriter's legal counsel.

Recently, we received another letter from Lawyers Title (copy enclosed) informing us that the U.S. District Court had ruled against it in a Motion for Summary Judgment it had brought to resolve the matter. They are expecting to appeal the decision, which is, frankly, directly contrary to a fairly strong line of authority. They informed me, however, that they now have legal fees in excess of $65,000 in their defense of this matter and are looking for confirmation that we have advised you of the existence of this possible claim.

Chris Brown, on behalf of Ancona Title, orally advised our agent, Title Program Administrator of this claim within the past several days. We are now sending you all of the contents of our

We, of course, remain adamant that there was no wrongdoing or error on the part of Ancona and, therefore, there would be no basis for contribution on our part toward any cost of defense in the matter.

I will be responsible for providing for you any and all assistance to you on behalf of Ancona Title that you will require.

Please feel free to contact me at you very earliest convenience.

Sincerely,

Frederic W. Knaak
Attorney at Law
(By and for Ancona Title Services, Corp.)

cc: Title Program Administrators