Ex h 1C

2/6/2006
8:10 AM

Briggs and Morgan, P.A.
**Trust Transaction Listing**
Date: Beginning of Time to 2/6/2006

Report: TRST04
Req'd By: mahken
Currency: USD

Account Types: General Invested Blended Available

| Client | 36261 | Ancona Title & Escrow | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Matter | 00001 | Ancona Title Purchase Agreement | | | | | | |
| Trust | | | Tran Type | Transaction Date | Trust Open Date | Opening | Increase | Interest | Decrease |
| 1 | Ancona Title & Escrow | | | | 11/29/2005 | | | | |
| | | | CR | 11/29/2005 | | | $15,000.00 | $0.00 | $0.00 |
| | | Ancona Escrow, Inc. - escrow deposit | | | | | | | |
| | | | CR | 1/11/2006 | | | $15,000.00 | $0.00 | $0.00 |
| Matter 00001 Total | | | | | | $0.00 | $30,000.00 | $0.00 | $0.00 |
| Client 36261 Total | | | | | | $0.00 | $30,000.00 | $0.00 | $0.00 |
| Report Totals | | | | | | $0.00 | $30,000.00 | $0.00 | $0.00 |

Start Time: 8:10 AM
End Time: 8:10 AM

SCANNED
FEB 0 6 2006
U.S. DISTRICT COURT MPLS

Page: 1

NOV-30-2005 WED 05:01 PM KNAAK AND KANTRUD PA    FAX NO. 6514909078    P. 02
CASE 0:06-cv-00504-DSD-JJG   Doc. 1-6   Filed 02/06/06   Page 2 of 4

Exh L

# KNAAK & KANTRUD, P.A.
### Attorneys at Law

Frederic W. Knaak*
H. Alan Kantrud**
Greg T. Kryzer**

*Also Licensed in
Wisconsin & Colorado
** Qualified neutral under
Rule 114 of the Minnesota
General Rules of Practice

3500 Willow Lake Blvd., Suite 800
Vadnais Heights, MN 55110
Telephone: (651) 490-9078
Facsimile: (651) 490-1580

Of Counsel
Donald W. Kohler
Joseph B. Marshall
Thomas M. Dailey, P.A.
Theodore M. "Ted" Thompson

November 30, 2005

Mr. Kevin M. Magnuson, Esq.
Briggs and Morgan, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(BY FACSIMILE @ 612-977-8650 & U.S. MAIL)

RE: Ancona Title

Dear Mr. Magnuson:

I received from you by messenger this morning your letter, dated today. As I understand it, among other things, you have withheld the currently-due payment owed by Mr. Chris Brown in the purchase of all shares of Ancona Title Services, Corp., in accordance with the agreement between us, and have stated your intention to withhold the last payment, as well.

Be advised that if the currently-due payment does not arrive in my office as provided for in the agreement, I will view it as both a dishonor of Mr. Brown's personal promissory note, and a material breach and repudiation of the contract. Mr. Brown does not own those shares and, consequently, the business, until the final payment has, in fact, been made.

On the understanding that the posture of your letter indicates a desire by Mr. Brown to repudiate the agreement between us, I am entitled to, and hereby request, a full accounting of all activities of that company, in particular all matters concerning its income, expenses and new assets since July 1, 2005. I know Mr. Brown operates on an annual basis, so I would expect that accounting at year-end---no later than December 30, 2005. It must include pass-throughs and payments to third-party vendors.

I would, of course, expect to return to Mr. Brown, the payments he has made to date, less offsets related to funds he has taken from the business in the meantime.

I am not interested in Briggs and Morgan, or any other third party than the District Court, holding any funds due me under this agreement. I would, however, look forward to hearing from you about any necessary arrangements that we will need to be making for the return of my business to me.

Sincerely,

Frederic W. Knaak
Attorney at Law

**From:** Magnuson, Kevin
**Sent:** Friday, December 02, 2005 3:20 PM
**To:** 'fknaak@klaw.us'
**Cc:** 'Chris Brown'; Tilton, Philip; Helget, Gerald
**Subject:** Agreement to rescind the Purchase Agreement

Fritz: This email is to confirm our conversation earlier today in which we agreed to resolve the dispute between the parties by rescinding the July 2005 Memorandum of Understanding and Contract for Sale of Shares and Assets and Indemnification Agreement (the "Purchase Agreement"), pursuant to which Ancona Escrow purchased from you 100 % of the shares of Ancona Title Services, Corp. common stock. We agreed that upon execution of this agreement to rescind, Ancona Escrow would transfer to you the stock of Ancona Title transferred to you pursuant to the Purchase Agreement and you will simultaneously transfer to Ancona Escrow the amount paid to date, $60,000, less any funds taken out of Ancona Title following its sale. Included in the agreement to rescind will be a provision requiring Ancona Title to provide its financial documents and an accounting of the business. We will get a draft of the agreement to rescind to you as quickly as possible for your review.

Thank you and have a nice weekend.

Kevin M. Magnuson
Briggs and Morgan P.A.
2200 IDS Center
Minneapolis, Minnesota 55402-2157
(612) 977-8438 (direct)
(612) 977-8650 (FAX)

| | |
|---|---|
| **From:** | Fritz Knaak [fknaak@klaw.us] |
| **Sent:** | Friday, December 02, 2005 5:31 PM |
| **To:** | Magnuson, Kevin |
| **Cc:** | dkohler@klaw.us; gkryzer@klaw.us; hakantrud@klaw.us; tdailey@klaw.us |
| **Subject:** | Re: Agreement to rescind the Purchase Agreement |

I received your email today.  I'm going to review our "agreement" to date as I understand it.

We discussed briefly this morning the current status of the agreement between myself and Chris Brown who, as you know from the position stated in my letter to you, breached the agreement and dishonored his note.

Briggs and Morgan, as I understand it, continues to hold funds that had been due me under the agreement without my consent.

While my letter to you of earlier this week stated that Mr. Brown was in breach, you raised in the discussion we had today the option of mutual rescission.  As I stated in my letter to you, I am perfectly prepared to tender to Mr. Brown the monies he has paid to me for the shares, provided I see a full accounting of the business and receive any offset.  I am not, however, yet prepared to call this arrangement a "mutual rescission" until I am satisfied with the language of the documents you will be providing.  It remains my position that Mr. Brown's actions, with the assistance of your firm, have precipitated these events

I believe you said you would advise Mr. Brown that if, in fact, this resulted in him owing me money, he would need to pay that to me.  I trust you will also advise him that the accounting will be thorough and complete, as indicated in my letter to you declaring the existence of the breach and the dishonor of his personal note.

We will review the draft of the document your office will be forwarding to us and respond accordingly.

I have expected this repudiation by Mr. Brown and very much  look forward to the return of my business to me and my associates.  To the extent your efforts have brought this result, please accept my appreciation.


====================================

Frederic W. ("Fritz") Knaak, Esq. (MN., WI., CO.)
Knaak & Kantrud, P.A.
3500 Willow Lake Blvd. - Suite 800
Vadnais Heights, MN.   55110
Tel: 651.490.9078/Fax: 651.490.1580
Mailto: fknaak@klaw.us   / Website:
http://www.klaw.us

1