Exh O

# RESCISSION AGREEMENT

This Rescission Agreement (the "Agreement") is made and entered into as of December ___, 2005 (the "Effective Date") by and between Ancona Escrow, Inc., a corporation organized under the laws of the state of Minnesota ("Escrow") and Frederic W. Knaak, an individual residing in the state of Minnesota ("Knaak").

## W I T N E S S E T H:

**WHEREAS**, the parties previously entered into that certain Memorandum of Understanding and Contract for Sale of Shares and Assets and Indemnification Agreement (the "Sale Agreement") for the purpose of effecting the conveyance of 51 shares of Ancona Title Services Corp. capital stock owned by Knaak (the "Shares") to Escrow;

**WHEREAS**, pursuant to the terms of the Sale Agreement, Escrow issued to Knaak a promissory note in the amount of $90,000 (the "Promissory Note"); however, Knaak neither delivered to Escrow certificates representing the Shares nor cancelled the certificate evidencing his prior ownership of the Shares;

**WHEREAS**, disputes concerning the transactions contemplated by the Sale Agreement and related matters have arisen between the parties; and

**WHEREAS**, in the interest of resolving such disputes, the parties have agreed, subject to the terms and conditions set forth herein, to rescind the Sale Agreement and restore the parties to their respective positions prior to the parties' execution and delivery of the Sale Agreement.

**NOW, THEREFORE**, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

## AGREEMENT:

(1) <u>Rescission of Sale Agreement</u>. Upon completion of the closing of the transactions contemplated herein (the "Closing"), the Sale Agreement shall be rescinded in its entirety and have no further force or effect.

(2) <u>Closing; Deliveries by the Parties</u>. The Closing shall occur at 10:00 a.m. at the offices of Briggs and Morgan, counsel to Escrow, on December 21, 2005 (the "Closing Date").

(a) At the Closing, Knaak shall deliver to Escrow, and Escrow shall receive from Knaak, each of the following:

-1-

1850377v1



SCANNED
FEB 0 6 2006
U.S. DISTRICT COURT MPLS

          (i)     cash via certified check or wire transfer of immediately available funds in an amount equal to the aggregate payments (including both principal and interest) made by Escrow on the Promissory Note; and

          (ii)    the Promissory Note.

    (b)    At the Closing, Escrow shall deliver to Knaak, and Knaak shall receive from Escrow, each of the following:

          (i)     a complete and accurate accounting (the "Accounting") of all transactions effected by Ancona Title Services Corp. during the period from the effective date of the Sale Agreement to and including the Closing Date (the "Relevant Period");

          (ii)    cash via certified check or wire transfer of immediately available funds equal to the aggregate amount of monies advanced by Ancona Title Services Corp. to Escrow during the Relevant Period as set forth in the Accounting; and

          (iii)   all books, records, files, documents and other property of Ancona Title Services Corp. in the possession of Escrow.

(3)    Representations and Warranties.

    (a)    Escrow hereby represents and warrants to Knaak as follows:

          (i)     Escrow is duly organized, and is validly existing and in good standing under the laws of the state of Minnesota.

          (ii)    Escrow has all requisite power and authority to execute and deliver this Agreement and to consummate the transactions contemplated hereby. This Agreement has been duly and validly executed and delivered by Escrow and constitutes the legal, valid and binding agreements of Escrow, enforceable against Escrow in accordance with its terms, except to the extent that enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization or other similar laws affecting the enforcement of creditors' rights generally and by principles of equity regarding the availability of remedies.

          (iii)   Throughout the Relevant Period, Escrow took no action to encumber the Shares with any liens, claims, options or charges of any nature whatsoever.

          (iv)   Escrow has not sold, assigned or otherwise transferred any rights or interest in or of the Shares.

          (v)    Neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated hereby will constitute a violation or default under any term or provision of any contract, commitment, indenture, or other agreement or restriction of any kind or character to which Escrow is bound.

    (b)    Knaak hereby represents and warrants to Escrow as follows:

1850377v1

(i)     Knaak owns the Promissory Note free and clear of any liens, claims, options, charges, or encumbrances of any nature whatsoever.

(ii)    Knaak has not previously sold, assigned or otherwise transferred any rights or interest in or to the Promissory Note.

(iii)   Neither the execution and delivery of this Agreement nor the consummation of the transactions contemplated hereby will constitute a violation or default under any term or provision of any contract, commitment, indenture, or other agreement or restriction of any kind or character to which Knaak is bound.

(4)     Mutual Release. Each of Knaak, together with his successors and assigns, and Escrow, together with its officers and directors, successors and assigns (in such capacities, the "Releasing Parties") hereby forever and fully releases and discharges the other (in such capacities, the "Released Parties") of and from all legal rights, actions, claims, demands, liens, obligations, costs, expenses, or causes of action of any kind whether arising by statute, common law or otherwise, or whether seeking monetary, equitable, administrative, or other relief that the Releasing Parties have, may have or may have had against the Released Parties, whether known or unknown, suspected or unsuspected, contingent or non-contingent, liquidated or unliquidated, arising out of, or touching upon, the Sale Agreement, exclusive of claims arising out of this Agreement.

(5)     Use of Name. To avoid confusion in the marketplace and distinguish the parties' future business dealings, the parties agree that neither party (nor any entity controlled by, or under common control with, either party) shall utilize the name "Ancona" in future commerce, including without limitation, any advertising, promotion, signage or other activity intended to establish or lead to branding or name recognition in the marketplace. The parties acknowledge and agree that the use of "Ancona" in a legal name shall not constitute a breach of this Section 5.

(6)     General.

(a)     Assignment; Binding Effect. This Agreement shall inure to the benefit of, and be enforceable by, the parties hereto and their respective successors and permitted assigns.

(b)     Interpretation. Each provision of this Agreement shall be interpreted and construed pursuant to the laws of the state of Minnesota, without regard to conflict of law provisions contained therein. Any action between the parties concerning or involving this Agreement shall be instituted only in the District Court for Hennepin County or in the U.S. District Court for the District of Minnesota. Each party hereto consents, and shall promptly and voluntarily submit, to the jurisdiction of such courts.

(c)     Severability. If any of the provisions of this Agreement shall contravene or be invalid under the laws of any jurisdiction where applicable, such contravention or invalidity shall not invalidate all of the provisions of this Agreement, but rather the Agreement shall be construed, insofar as the laws of that particular

jurisdiction are concerned, as not containing the invalid or contravening provision, and the rights and obligations of the parties shall be enforced to the fullest extent possible.

(d) <u>Costs of Enforcement</u>. In the event it is necessary for the enforcement of this Agreement to employ legal counsel, the prevailing party shall be entitled to out-of-pocket expenses as well as reasonable attorneys' fees.

(e) <u>Integration</u>. This Agreement constitutes the entire agreement and understanding and all of the representations and warranties of the parties to this Agreement. This Agreement supersedes any and all prior agreements, negotiations, correspondence, undertakings, promises, covenants, arrangements, communications, representations and warranties, whether oral or written (collectively, the "<u>Prior Communications</u>"), of any party to this Agreement, and no party to this Agreement or any other person may rely or shall be deemed to have relied upon any such Prior Communications.

(f) <u>Waiver</u>. This Agreement cannot be changed or terminated or any performance or condition waived in whole or in part except by a writing signed by the party against whom enforcement of the changes, termination or waiver is sought. The waiver by either party of any breach or violation of any term or condition of this Agreement shall not be deemed to constitute the waiver of any other breach of the same or any other term and condition.

(g) <u>Authority</u>. The provisions of this Agreement required to be approved by the Board of Directors of Escrow have been so approved and authorized.

(h) <u>Section Headings</u>. The section headings contained in this Agreement are for convenience only and shall in no manner be construed as a part of this Agreement.

(i) <u>Execution of Counterparts; Telecopy</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. The counterparts of this Agreement may be executed and delivered by telecopy signature by either party to the other party, and the receiving party may rely on the receipt of such document so executed and delivered by telecopy as if the original had been received.

(j) <u>Expenses</u>. Whether or not the transaction(s) contemplated herein shall be consummated, the parties shall pay their own expenses incident to, preparing for, entering into and carrying into effect and consummating this Agreement and the transactions contemplated hereby.

(k) <u>Amendment and Modification</u>. The Agreement may not be amended, modified or supplemented except by an instrument in writing duly executed by the parties to the Agreement.

(l) <u>Parties in Interest</u>. Nothing expressed or implied in this Agreement is intended or shall be construed to confer any rights or remedies under or by reason of

-5-

this Agreement upon any person other than the parties hereto and their respective heirs, personal representatives, successors and permitted assigns. Nothing in this Agreement is intended to relieve or discharge the liabilities of any third person to the parties hereto.

[SIGNATURE PAGE FOLLOWS]

1850377v1

-6-

**IN WITNESS WHEREOF**, the undersigned have caused this Agreement to be duly executed as of the Effective Date.

FREDERIC W. KNAAK                ANCONA ESCROW, INC.


_____        By: _____
(Signature)                       Its: _____