UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ancona Escrow, Inc., a Minnesota corporation and Ancona Title Services, Inc., a Minnesota corporation , <br><br> Plaintiffs, <br><br> vs. <br><br> Ancona West Corporation, d/b/a North Oaks Title, a Minnesota corporation, and Frederic W. Knaak, <br><br> Defendants. | Court File No. 06 cv 504 DSD/JJG |

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

This memorandum is submitted on behalf of the Defendants in their support of a motion for sanctions caused by the deliberate and gross regard of the basic Rules of Civil Procedure. Sanctions are sought because Plaintiffs have proceeded to issue subpoenas for depositions and to even take a deposition without giving notice to opposing counsel.

**FACTUAL BACKGROUND**

The factual basis for this motion is stated in the accompanying affidavits of Paul A. Sortland and Brent Olson.  Brent Olson has been the accountant for Ancona West for a number of years, prior to its sale.  He has been and remains the personal accountant of Defendant, Frederic W. Knaak and Knaak's remaining corporation, Ancona West.

It appears that Mr. Olson was subpoenaed for a deposition in early September, 2006.  His subpoena was sent out without prior notice of a deposition, as required by Rule 45.

A similar subpoena was served upon Alan Kantrud for a deposition unilaterally scheduled, without notice, on September29, 2006.

The deposition of Brent Olson proceeded, without presence of defense counsel, on September 26, 2006. According to the affidavit testimony of both Mr. Olson and Mr. Sortland, neither Kevin Magnuson, nor any other member of his staff even bothered to call Sortland Law Office to determine Mr. Sortland's whereabouts. It is clear that the Plaintiffs intended to proceed with the deposition in the absence of Mr. Sortland.

After it was determined that the deposition was held, without notice, Mr. Sortland wrote a letter objecting to the deposition, and objecting to the proposed deposition of Mr. Kantrud on September 29. In response, Mr. Magnuson wrote a letter claiming that the lack of notice was inadvertent. The facts show this assertion to be untenable.

## ARGUMENT

**I.   SANCTIONS SHOULD BE IMPOSED FOR THIS GROSS VIOLATION OF THE RULES OF CIVIL PROCEDURE.**

The rules regarding issuance of a subpoena have been liberalized in recent years, allowing attorneys to issue the subpoena as an officer of the court, rather than going through the cumbersome process of obtaining a subpoena through the office of the clerk of district court.

A party who fails to give opposing counsel prior notice before serving subpoenas of documents or for a deposition violates the governing rule. Under these circumstances, sanctions are warranted.

In a New York case, where an attorney repeatedly, as in this case, issued third party subpoenas without giving notice to opposing counsel, it was held that compensatory monetary

sanctions were warranted.  <u>Murphy v. Board of Education of the Rochester City School District</u>, 196 F.R.D. 220 (d. N.Y. 2000).  This case held that a court, pursuant to its inherent power, may sanction conduct considered to be an abuse of the judicial process, citing the case of <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991), "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  111 S. Ct. at 2123.

In <u>Murphy</u>, the court found that there was no colorable basis, either legally or factually, to support the counsel's issuance of subpoenas without giving prior notice to opposing counsel.  The court found that Rule 45 could not be clearer.

The court noted that the federal rules did not permit issuance of third party subpoenas without giving notice to opposing counsel.  The court held that there is no reason to persuade the court that such conduct was proper.

In <u>Potomac Electric Power Co. v. Electric Motor Supply, Inc.</u>, 190 F.R.D. 372, 380 (d. Md. 1999), the court correctly found that "when a party fails to receive prior notice of the information sought from a non-party, a party is deprived of its greatest safeguard under the Rule, that is, the ability to object to the release of the information prior to the disclosure."  The court went onto state, "In addition, when an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of the court processes is eroded."  Citing <u>Spencer v. Steinman</u>, 179 F.R.D. 484, 489 (d. Pa. 1998).

Here, one can only conclude that the actions of Plaintiffs' counsel were done in bad faith. Plaintiffs' counsel could not possibly have been unaware that prior notice was necessary before

issuance of a subpoena. Moreover, the conduct of a deposition without even a phone call to opposing counsel to inquire of their whereabouts is an indication that this bad faith was intentional.

To date, Plaintiffs have totally failed to respond to any outstanding discovery requests with respect to specific claims of damages or harm. Despite this unlawful discovery, Plaintiffs still cannot support any claim for damages. Under these facts a sanction of dismissal is appropriate.

## CONCLUSION

Severe sanctions should be imposed for this gross disregard of the Rules of Civil Procedure. Defendants submit that monetary sanctions are not sufficient. Rather, the pretended case of Plaintiffs should be dismissed.

Dated this 7th day of November, 2006.   **SORTLAND LAW OFFICE**

s/ Paul A. Sortland
**Paul A. Sortland, #103573**
120 South Sixth Street, Suite 1510
Minneapolis, Minnesota 55402-1817
(612) 375-0400

**ATTORNEY FOR DEFENDANTS**