UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Ancona Escrow, Inc.,** <br> **Ancona Title Services, Inc.,** <br><br> Plaintiffs, <br><br> v. <br><br> **Ancona West Corporation,** <br> **Frederick W. Knaak,** <br><br> Defendants. | Civil No. 06-504 (JNE-JJG) <br><br><br> **ORDER** |

This matter came before the undersigned on November 21, 2006 on a motion for sanctions by defendants (Doc. No. 18). Kevin M. Magnuson, Esq., and Randall M. Tietjen, Esq., appeared on behalf of plaintiffs Ancona Escrow and Ancona Title Services. Paul A. Sortland, Esq., appeared on behalf of defendants Ancona West and Frederick Knaak.

The motion for sanctions arose out of two third party subpoenas served by the plaintiffs. Mr. Magnuson served the two third party subpoenas without notice to opposing counsel. And when one of the subpoenaed persons arrived for deposition, Mr. Magnuson proceeded to take the deposition without opposing counsel being present. The defendants then moved for sanctions, urging in part that this matter be dismissed with prejudice.

By an order on December 13, 2006, this Court granted the motion for sanctions. The order provided that the fruits of the deposition be suppressed. This Court also found that Mr. Magnuson was acting in bad faith and, for this reason, disqualified him from representing the plaintiffs. The plaintiffs objected and sought review by the District Court. Through an order on January 16, 2007, it upheld the

suppression of the deposition, but reversed the finding of bad faith and the sanction of disqualification, and remanded back to this Court for further determination of sanctions.

When imposing sanctions pursuant to its inherent authority, a court is not necessarily required to make a finding of bad faith. More severe sanctions, such as dismissal, do require such a finding. *Stevenson v. Union Pacific Rwy. Co.*, 354 F.3d 739, 745 (8th Cir. 2004). But less severe sanctions may be imposed in the absence of bad faith, so long as the sanction is proportional to the offense. *Plaintiffs' Baycol Steering Cmte. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005). This Court concludes that, in the absence of bad faith, a monetary sanction is appropriate here.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. This Court's order of December 13, 2006 is modified as follows.

2. Mr. Magnuson shall be permitted to proceed with the representation of the plaintiffs in this action (Civil No. 06-504).

3. As an additional sanction, Mr. Magnuson shall pay the amount of $250 to opposing counsel, Mr. Sortland, on or before February 2, 2007.

4. The remainder of the December 13 order shall remain in full force and effect.

Dated this 26th day of January, 2007.         s/Jeanne J. Graham

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge